IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DTG OPERATIONS, INC.<br>2. THRIFTY RENT-A-CAR SYSTEM, INC.<br>3. DOLLAR RENT A CAR, INC.<br><br>                Plaintiffs,<br><br>v.<br><br>1. U RIDE II, LLC<br>2. DAVID ANDERSON<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 10-CV-279-CVE-FHM<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs DTG Operations, Inc. ("DTG Operations"), Thrifty Rent-A-Car System, Inc. ("Thrifty") and Dollar Rent A Car, Inc. ("Dollar"), for their claim against the Defendants, U Ride II, LLC ("U Ride") and David Anderson ("Anderson"), allege and state as follows:

1. DTG Operations is, and was at all times hereinafter mentioned, a corporation incorporated under the laws of the State of Oklahoma, and having its principal place of business in the City of Tulsa, Tulsa County, Oklahoma.

2. Thrifty is, and was at all times hereinafter mentioned, a corporation incorporated under the laws of the State of Oklahoma, and having its principal place of business in the City of Tulsa, Tulsa County, Oklahoma.

3. Dollar is, and was at all times hereinafter mentioned, a corporation incorporated under the laws of the State of Oklahoma, and having its principal place of business in the City of Tulsa, Tulsa County, Oklahoma.

4.      Upon information and belief, U Ride is a New Jersey corporation with its principal place of business in the State of New Jersey. U Ride has had significant contacts with the State of Oklahoma in connection with the agreements alleged below.

5.      Upon information and belief, Anderson is a citizen and resident of the State of New Jersey. Anderson has had significant contacts with the State of Oklahoma in connection with the agreements alleged below.

6.       U Ride and Anderson are collectively referred to herein as Defendants."

## JURISDICTION

7.      This court has original jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1125.

## VENUE

8.      Venue is proper, not only under forum selection clauses contained within one or more of the agreements executed by the parties, but also because a substantial portion of the events giving rise to the claims herein occurred in the Northern District of Oklahoma.

## FACTUAL BACKGROUND

9.      DTG Operations is in the business of, among other things, providing services to licensees of Thrifty.

10.     Thrifty is in the business of franchising persons to operate vehicle rental and parking franchises. Thrifty owns and has extensively used in its business, among others, the mark "Thrifty", which is registered on the principal register of the United States Patent and Trademark Office under registration numbers 816,350, 880,666 and

986,155 (the "Thrifty Marks").  The registrations are valid and subsisting, and are now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).

11. Since 1962, Thrifty has used the Thrifty Marks to identify its vehicle rental and parking locations and to distinguish them from those operated by others. Thrifty has prominently displayed the Thrifty Marks on all things associated with Thrifty's services and business, including, among other things, signs located at all Thrifty rental and parking locations, rental agreements, stationary, promotional materials, advertising, telephone directory advertising, and in periodicals distributed throughout the United States.

12. Dollar is in the business of franchising persons to operate vehicle rental and parking franchises.  Dollar owns and has extensively used in its business, among others, the mark "Dollar", which is registered on the principal register of the United States Patent and Trademark Office under registration numbers 948,360, 1,493,576, 1,492,628, 1,825,518 and 2326037 (the "Dollar Marks").  The registrations are valid and subsisting, and are now incontestable in accordance with 15 U.S.C. §§1065 and 1115(b).

13. Since at least as early as 1974, Dollar has used the Dollar Marks to identify its vehicle rental and parking locations and to distinguish them from those operated by others.  Dollar has prominently displayed the Dollar Marks on all things associated with Dollar's services and business, including, among other things, signs located at all Dollar rental and parking locations, rental agreements, stationary, promotional materials, advertising, telephone directory advertising, and in periodicals distributed throughout the United States.

14. Effective May 1, 2004, U Ride and Thrifty entered into an agreement entitled "Thrifty Rent-A-Car System, Inc. License Agreement for Vehicle Rental, Leasing & Parking" (the "Thrifty License Agreement"). The Thrifty License Agreement granted U Ride the right to operate a Thrifty Car Rental franchise in the territory specified in the License Agreement.

15. By virtue of the Thrifty License Agreement, U Ride was authorized and licensed to use the Thrifty Marks on its rental and parking location sign, rental agreements, stationary, business cards, advertising materials, telephone directory listings and Yellow Pages advertising.

16. In connection with the execution of the Thrifty License Agreement, Anderson executed a personal guaranty, pursuant to which he unconditionally guaranteed the performance of all obligations and the payment of all sums or damages which are due and payable to Thrifty pursuant to the terms of the Thrifty License Agreement.

17. Effective May 21, 2007, U Ride and Dollar entered into an agreement entitled "Dollar Rent A Car, Inc. License Agreement with U Ride II, LLC" (the "Dollar License Agreement"). The License Agreement granted U Ride the right to operate a Thrifty Car Rental franchise in the territory specified in the License Agreement.

18. By virtue of the Dollar License Agreement, U Ride was authorized and licensed to use the Dollar Marks on its rental and parking location sign, rental agreements, stationary, business cards, advertising materials, telephone directory listings and Yellow Pages advertising.

19. In connection with the execution of the Dollar License Agreement, Anderson executed a personal guaranty, pursuant to which he unconditionally guaranteed

the performance of all obligations and the payment of all sums or damages which are due and payable to Dollar pursuant to the terms of the Dollar License Agreement.

20.     Effective May 1, 2004, an agreement entitled "Master Lease Agreement" (the "Thrifty Master Lease Agreement") was entered into by U Ride and DTG Operations pursuant to which DTG Operations leased vehicles to U Ride.

21.     In connection with the execution of the Thrifty Master Lease Agreement, Anderson executed a personal guaranty, pursuant to which he unconditionally guaranteed the performance of all obligations and the payment of all sums or damages which are due and payable to DTG Operations pursuant to the terms of the Thrifty Master Lease Agreement.

22.     Effective May 21, 2007, an agreement entitled "Master Lease Agreement" (the "Dollar Master Lease Agreement") was entered into by U Ride and DTG Operations pursuant to which DTG Operations leased vehicles to U Ride.

23.     In connection with the execution of the Dollar Master Lease Agreement, Anderson executed a personal guaranty, pursuant to which he unconditionally guaranteed the performance of all obligations and the payment of all sums or damages which are due and payable to DTG Operations pursuant to the terms of the Dollar Master Lease Agreement.

24.     U Ride ordered and took delivery of vehicles pursuant to the Thrifty Master Lease Agreement and/or the Dollar Master Lease Agreement, and the terms of the subsequent Vehicle Lease Order forms and the various Lease Programs promulgated from time to time by DTG Operations.

25. The Thrifty License Agreement, the Dollar License Agreement, the Thrifty Master Lease Agreement, the Dollar Master Lease Agreement and other agreements between U Ride, on the one hand, and Thrifty, Dollar or DTG Operations, on the other, were properly terminated effective April 8, 2010 due to U Ride's failure to cure certain breaches, including its failure to pay the amounts due as stated herein.

26. Defendants have failed to pay DTG Operations, Thrifty and Dollar the amounts owed under the various agreements and the guaranties.

## **COUNT I**
### (Breach of Thrifty License Agreement – Monetary Damage)

27. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 26 of the Complaint.

28. U Ride has failed to pay certain amounts now due or past due under the Thrifty License Agreement. As a result of its breaches, U Ride is indebted to Thrifty for all such amounts due and for all additional amounts that may become due under said agreement. U Ride has refused to pay all such sums.

29. Thrifty is entitled to a judgment against U Ride for amounts due under the Thrifty License Agreement, which total currently exceeds $42,200.00.

30. Anderson has failed to pay certain amounts now due or past due under his guaranty of the Thrifty License Agreement. As a result of this breach, Anderson is indebted to Thrifty for all such amounts due and for all additional amounts that may become due under the Thrifty License Agreement. Anderson has refused to pay all such sums.

31. Thrifty is entitled to a judgment against Anderson for amounts due under his guaranty of the Thrifty License Agreement, which total currently exceeds $42,200.00.

32.     Thrifty is entitled to recover its attorney fees herein.

## COUNT II

**(Breach of the Thrifty License Agreement – Injunctive Relief)**

33.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 32 of the Complaint.

34.     Despite the termination of the Thrifty License Agreement, Defendants continue to use the Thrifty Marks in connection with their vehicle rental business.

35.     Such acts constitute infringement upon the Thrifty Marks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.  The continued use of the Thrifty Marks and variations or colorable imitations thereof by Defendants is without permission or authority of Thrifty and is done with the intent to cause, and is likely to cause confusion, mistake and deception.

36.     Defendants' acts tend to falsely represent Defendants and its services as being legitimately connected with Thrifty in violation of 15 U.S.C. §1125(a).

37.     Defendants have continued using the Thrifty Marks, and variations and colorable imitations thereof, in interstate commerce, and causing the public to be confused as to the origin of the services offered, leading the public into thinking it is purchasing services sponsored by Thrifty.  Defendants' false representations have influenced and are likely to influence in the future the purchasing decisions of the public.

38.     Thrifty has suffered and will continue to suffer extreme hardship and irreparable injury, in that Defendants continue to operate under the Thrifty Marks, and variations or colorable imitations thereof, offering services that do not meet Thrifty's quality standards and uniform guidelines, thereby harming Thrifty's reputation in an

extremely competitive business.  The public is receiving services not provided according to Thrifty's quality guidelines, again, causing irreparable damage to Thrifty's reputation and valuable goodwill.

39.     Thrifty has no adequate and speedy remedy at law for the above mentioned conduct of Defendants.  This action for injunctive relief is the only means of redressing the harm suffered by Thrifty and caused by the unwarranted use of the Thrifty Marks by Defendants.

40.     Thrifty seeks preliminary and permanent injunctions against Defendants, its agents, servants, employees, and those in active concert with them, as more particularly described below.

41.     Thrifty is also entitled to an accounting for any and all profits derived from the use of the Thrifty Marks, and variations or colorable imitations thereof, and for all damages sustained by Thrifty by reason of the acts of infringement.

## COUNT III
**(Breach of Dollar License Agreement – Monetary Damage)**

42.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 41 of the Complaint.

43.     U Ride has failed to pay certain amounts now due or past due under the Dollar License Agreement.  As a result of its breaches, U Ride is indebted to Dollar for all such amounts due and for all additional amounts that may become due under said agreement.  U Ride has refused to pay all such sums.

44.     Dollar is entitled to a judgment against U Ride for amounts due under the Dollar License Agreement, which total currently exceeds $6,300.00.

45. Anderson has failed to pay certain amounts now due or past due under his guaranty of the Dollar License Agreement. As a result of this breach, Anderson is indebted to Dollar for all such amounts due and for all additional amounts that may become due under the Dollar License Agreement. Anderson has refused to pay all such sums.

46. Dollar is entitled to a judgment against Anderson for amounts due under his guaranty of the Dollar License Agreement, which total currently exceeds $6,300.00.

47. Dollar is entitled to recover its attorney fees herein.

## COUNT IV

**(Breach of the Dollar License Agreement – Injunctive Relief)**

48. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 47 of the Complaint.

49. Despite the termination of the Dollar License Agreement, Defendants continue to use the Dollar Marks in connection with their vehicle rental business.

50. Such acts constitute infringement upon the Dollar Marks in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services. The continued use of the Dollar Marks and variations or colorable imitations thereof by Defendants is without permission or authority of Dollar and is done with the intent to cause, and is likely to cause confusion, mistake and deception.

51. Defendants' acts tend to falsely represent Defendants and its services as being legitimately connected with Dollar in violation of 15 U.S.C. §1125(a).

52. Defendants have continued using the Dollar Marks, and variations and colorable imitations thereof, in interstate commerce, and causing the public to be

confused as to the origin of the services offered, leading the public into thinking it is purchasing services sponsored by Dollar. Defendants' false representations have influenced and are likely to influence in the future the purchasing decisions of the public.

53. Dollar has suffered and will continue to suffer extreme hardship and irreparable injury, in that Defendants continue to operate under the Dollar Marks, and variations or colorable imitations thereof, offering services that do not meet Dollar's quality standards and uniform guidelines, thereby harming Dollar's reputation in an extremely competitive business. The public is receiving services not provided according to Dollar's quality guidelines, again, causing irreparable damage to Dollar's reputation and valuable goodwill.

54. Dollar has no adequate and speedy remedy at law for the above mentioned conduct of Defendants. This action for injunctive relief is the only means of redressing the harm suffered by Dollar and caused by the unwarranted use of the Dollar Marks by Defendants.

55. Dollar seeks preliminary and permanent injunctions against Defendants, its agents, servants, employees, and those in active concert with them, as more particularly described below.

56. Dollar is also entitled to an accounting for any and all profits derived from the use of the Dollar Marks, and variations or colorable imitations thereof, and for all damages sustained by Dollar by reason of the acts of infringement.

**COUNT V**
**(Breach of Thrifty Master Lease Agreement and/or Dollar Master Lease Agreement– Monetary Damage)**

57.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 56 of the Complaint.

58.     U Ride has failed to pay certain amounts now due or past due under the Thrifty Master Lease Agreement and the Dollar Master Lease Agreement. As a result of its breaches, U Ride is indebted to DTG Operations for all such amounts due and for all additional amounts that may become due under said agreements. U Ride has refused to pay all such sums.

59.     DTG Operations is entitled to a judgment against U Ride for amounts due under the Thrifty Master Lease Agreement and the Dollar Master Lease Agreement, which total currently exceeds $52,400.00.

60.     Anderson has failed to pay certain amounts now due or past due under his guaranty of the Thrifty Master Lease Agreement and the Dollar Master Lease Agreement. As a result of this breach, Anderson is indebted to DTG Operations for all such amounts due and for all additional amounts that may become due under the Thrifty Master Lease Agreement and the Dollar Master Lease Agreement. Anderson has refused to pay all such sums.

61.     DTG Operations is entitled to a judgment against Anderson for amounts due under his guaranty of the Thrifty Master Lease Agreement and the Dollar Master Lease Agreement, which total currently exceeds $52,400.00.

62.     DTG Operations is entitled to recover its attorney fees herein.

**PRAYER FOR RELIEF**

WHEREFORE, DTG Operations, Thrifty and Dollar request that this Court:

1. Grant a judgment in favor of Thrifty and against Defendants, jointly and severally, in an amount exceeding $42,200.00 for breach of the Thrifty License Agreement.

2. Grant preliminary and permanent injunctions in favor of Thrifty and against Defendants and their agents, servants, employees, and those in active concert with them, (a) prohibiting them from using telephone numbers associated with the Thrifty Marks, (b) requiring them to assign the telephone numbers associated with the Thrifty Marks to Thrifty, and (c) prohibiting them from displaying, either directly or indirectly, any Thrifty Marks, trade dress, or any mark, word, or name similar to the Thrifty Marks which is likely to cause confusion or mistake, or to deceive on signs, letters, literature, advertisements or other printed material, in a manner, style or form which imitates or is confusingly similar to Thrifty's use of the Thrifty Marks or otherwise indicates or tends to represent that Defendants are authorized, associated, affiliated, sponsored or approved by Thrifty.

3. Order Defendants to account to Thrifty for any and all profits derived from the use of the Thrifty Marks and for all damages sustained by Thrifty by reason of the acts of infringement.

4. Grant a judgment in favor of Dollar and against Defendants, jointly and severally, in an amount exceeding $6,300.00 for breach of the Dollar License Agreement.

5. Grant preliminary and permanent injunctions in favor of Dollar and against Defendants and their agents, servants, employees, and those in active concert with them, (a) prohibiting them from using telephone numbers associated with the Dollar Marks, (b) requiring them to assign the telephone numbers associated with the Dollar

Marks to Dollar, and (c) prohibiting them from displaying, either directly or indirectly, any Dollar Marks, trade dress, or any mark, word, or name similar to the Dollar Marks which is likely to cause confusion or mistake, or to deceive on signs, letters, literature, advertisements or other printed material, in a manner, style or form which imitates or is confusingly similar to Dollar's use of the Dollar Marks or otherwise indicates or tends to represent that Defendants are authorized, associated, affiliated, sponsored or approved by Dollar.

6. Order Defendants to account to Dollar for any and all profits derived from the use of the Dollar Marks and for all damages sustained by Dollar by reason of the acts of infringement.

7. Grant a judgment in favor of DTG Operations and against Defendants, jointly and severally, in an amount exceeding $52,400.00 for breach of the Thrifty Master Lease Agreement, the Dollar Master Lease Agreement and the guaranties thereto.

8. Award DTG Operations, Thrifty and Dollar their costs of this action, including a reasonable attorney's fee, and grant such other and further relief as the Court may determine.

Respectfully submitted,

s/Alexander F. King
Alexander F. King, OBA # 18086
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston
Tulsa, Oklahoma 74103-3313
(918) 592-9800
(918) 592-9801 FAX
alexander.king@crowedunlevy.com
ATTORNEYS FOR PLAINTIFFS